IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| STATE NATIONAL INSURANCE COMPANY, INC., <br><br> Plaintiff, <br><br> vs. <br><br> WASHINGTON INTERNATIONAL INSURANCE COMPANY, <br><br> Defendant. | **8:17CV224** <br><br> **ORDER** |

This matter is before the Court on defendant Washington International Insurance Company's ("Washington International") Motion to Dismiss (Filing No. 7) the Complaint (Filing No. 7-2) pursuant to Federal Rule of Civil Procedure 12(b)(6) "for failure to state a claim upon which relief can be granted." In the Complaint, plaintiff State National Insurance Company, Inc. ("State National") alleges it is entitled to recover from Washington International under a construction payment bond Washington International issued to JEL Management, LLC ("JEL") for the benefit of the Nebraska Public Power District ("NPPD") in connection with an NPPD construction project for which JEL was the general contractor (the "Washington International Bond"). State National, who issued its own payment bond on behalf of subcontractor Wallmasters Modular, Inc. ("Wallmasters") for the benefit of JEL, alleges State National paid $730,500 under its payment bond to sub-subcontractor Builders Choice, LLC ("Builders Choice") when Wallmasters failed to pay for work done on the NPPD project. Asserting rights as Builders Choice's assignee and subrogee, State National now seeks to recover $912,936 from Washington International under the Washington International Bond.

In moving to dismiss, Washington International asserts, among other things,

> State National cannot enforce the assignment against [Washington International] because of a number of related and overlapping reasons: 1) as between State National and [Washington International], the surety for the subcontractor and the surety for the general contractor respectively, with respect to the Builders Choice claim, as between the two sureties, State National has the primary obligation to pay the claim as the principal surety, 2) State National cannot enforce by assignment a claim that it could not assert as a subrogee because of its primary obligation as the principal surety to exonerate and reimburse [Washington International], 3) just as an insurer cannot recover a loss payment from its insured, a principal surety cannot recover from the sub-surety for a claim that the principal surety is primarily obligated to pay, and 4) because as a sub-surety for the claim of Builders Choice, [Washington International] has the right to seek reimbursement and exoneration from State National as the principal surety – the claim of State National gives rise to a counterclaim or setoff in favor of [Washington International] and against State National that extinguishes the claim—and the claim through the assignment is circular.

In support of its Motion, Washington International relies on the Restatements of Security and Suretyship and cases applying them, as well as cases discussing subrogation principles under Nebraska law.

State National did not file a brief opposing Washington International's Motion to Dismiss within the time allowed or otherwise address the substance of Washington International's arguments. Instead, on July 24, 2017, State National filed an Amended Complaint (Filing No. 9), adding some factual allegations and a brief second cause of action for contribution to apply "[i]n the alternative, if and only if and to the extent the Court determines that State National is not entitled to recover all or some of its damages under its First Cause of Action," that is, State National's largely unchanged claim that it is entitled to recover under the Washington International Bond. With respect to its second cause of action, State National contends "it would be inequitable for State National to bear the entire loss and State National is entitled to contribution from [Washington International] for its proportionate share of the loss."

In light of the foregoing, the Court finds State National's filing of the Amended Complaint did not moot Washington International's Motion to Dismiss; the Court will "consider the motion as being addressed to the amended pleading." 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 1476 (3d ed. 2010). This Order does not preclude Washington International from filing a timely Motion to Dismiss the Amended Complaint, *see* Fed. R. Civ. P. 12, which would restart State National's time to respond. *See* NECivR 7.1(b)(1)(B). To be sure, Washington International may want to respond to State National's new contribution claim. But absent that, the circumstances of this case weigh in favor of giving State National a second opportunity to respond to Washington International's substantive arguments. Therefore,

IT IS ORDERED:
1. State National shall have until August 17, 2017, to file a brief opposing Washington International's Motion to Dismiss (Filing No. 7), unless Washington National files a Motion to Dismiss the Amended Complaint.
2. Failure to file a brief in opposition will be considered a confession of the motion and could result in the Court dismissing this case without further notice.
3. The Clerk of the Court is directed to set a case management deadline of August 17, 2017, for State National to respond to the Motion to Dismiss (Filing No. 7).

Dated this 1st day of August, 2017.

BY THE COURT:

s/ *Robert F. Rossiter, Jr.*
United States District Judge